UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the September 14, 2013 "The One" Floyd Mayweather Championship Fight Program<br><br>*Plaintiff,*<br>v.<br><br>TIFFANY M. MCLAUGHLIN, a/k/a TIFFANY MICHELLE MCLAUGHLIN, individually, and d/b/a VIP SPORTS LOUNGE a/k/a VIP LOUNGE a/k/a VIP SPORTS BAR & LOUNGE a/k/a WORLD FAMOUS FIVE STAR ENTERTAINMENT,<br><br>*Defendant.* | § § § § § § § § § § § § § § § § § | CIVIL ACTION H-16-2450 |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a motion for summary judgment filed by plaintiff J&J Sports Productions, Inc. ("J&J") against defendant Tiffany M. McLaughlin a/k/a Tiffany Michelle McLaughlin, individually, and d/b/a VIP Sports Lounge a/k/a VIP Lounge a/k/a VIP Sports Bar & Lounge a/k/a World Famous Five Star Entertainment ("McLaughlin"). Dkt. 11. McLaughlin did not respond to J&J's motion. Therefore, the court treats it as unopposed. S.D. Tex. L.R. 7.4. After considering the original complaint, motion, evidentiary record, and applicable law, the court is of the opinion that J&J's motion for summary judgment should be **GRANTED IN PART & DENIED AS MOOT IN PART**.

**I. BACKGROUND**

On September 4, 2013, J&J bought the exclusive license to exhibit and sublicense the closed-circuit telecast of the September 14, 2013 "The One" Floyd Mayweather, Jr. V. Saul Alvarez, WBC Middleweight Championship Fight Program and accompanying undercard matches (the "Event").

Dkt. 11-1, Ex. A-1 at 1.  J&J only authorized the closed-circuit broadcast of the Event to be exhibited in a commercial establishment if the establishment had a valid license agreement with J&J and paid the required licensing fee.  Dkt. 11-1, Ex. A at 2, 3.

McLaughlin owned and operated VIP Sports Bar & Lounge on the date of the Event. Dkt. 11-1, Ex. C at Response nos. 38-40 (deemed admissions by McLaughlin).  VIP Sports Bar & Lounge is a commercial establishment and did not have a valid license agreement with J&J to exhibit the Event and did not pay J&J the required licensing fee.  Dkt. 11-1, Ex. A-2 (affidavit of Nia Zambrano), Ex. C at Response nos. 13-14.  On September 14, 2013, VIP Sports Bar & Lounge exhibited the Event. Dkt.11-1, at Ex. A-2, Ex. C at Response no. 12.

J&J filed suit against McLaughlin on August 10, 2016, alleging that McLaughlin violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553[1] or 605[2] ("FCA"), by unlawfully intercepting the interstate communication of the Event and exhibiting the Event to patrons at VIP Sports Bar & Lounge without paying the required sublicense fee.  Dkt. 1.  On October 7, 2017, McLaughlin was properly served with process.  Dkt 6.  McLaughlin's deadline to answer or otherwise respond was October 28, 2017.  *See* Fed. R. Civ. P. 12(a).  On October 24, 2017, McLaughlin, *pro se*, filed an original answer to J&J's complaint denying every allegation.  Dkt 5.

---

[1]47 U.S.C. § 553 provides, among other things, that:
> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[2]47 U.S.C. § 605 provides, among other things, that:
> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person. No person being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

McLaughlin retained counsel on January 5, 2017, and filed an amended answer on February 5, 2017, that denied all facts and claims stated in J&J's complaint except party identifications and jurisdictional allegations. Dkts. 8, 10.

On February 2, 2017, J&J served McLaughlin with requests for admissions, to which McLaughlin did not respond. Dkt. 11-1, Ex. C, D. J&J now requests that the court grant summary judgment in its favor on its claim under §§ 553 or 605 of the FCA. As a result of the alleged violations, J&J seeks statutory damages, additional damages, attorneys' fees pursuant to §§ 553 and 605, and post judgment interest. *Id.*

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Liability Under § 605

J&J has a private right of action to obtain statutory damages under § 605 because it had proprietary rights in exhibiting the Event. *See* § 605(d)(6), (e)(3)(C)(ii). Section 605 is a strict

liability statute and only applies to unauthorized interceptions of signals through radio or satellite. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. March 26, 2014); *see J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir. 2014). To establish liability under § 605, J&J must show that (1) the Event was exhibited in VIP Sports Bar & Lounge and (2) that J&J did not authorize the particular exhibition of the Event. *J&J Sports Prods., Inc. v. Little Napoli, Inc.*, No. H-13-1237, 2014 WL 3667903, at *3 (S.D. Tex. July 22, 2014); *Joe Hand Promotions, Inc., v. Lee*, No. H-11-2904, 2012 WL 1909348, at *3 (S.D. Tex. May 24, 2012).

To date, McLaughlin has not served J&J with any responses to J&J's requests for admissions. Thus, the admissions will be deemed admitted as a matter of law. FED. R. CIV. P. 36(a)(3); *see also Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 2008) ("[A] matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). So, McLaughlin does not dispute that she intercepted and exhibited the Event in VIP Sports Bar & Lounge on September 14, 2013. Dkt. 11-1, Ex. A-2, Ex. C at Response nos. 11-12, 37. McLaughlin also does not dispute that she was unauthorized to exhibit the Event. *Id.* at Ex. C at Response nos. 13-15. Therefore, because the Event was exhibited in VIP Sports Bar & Lounge and J&J did not authorize the exhibition of the Event, McLaughlin is liable under § 605.

Section 605 of the FCA has also been interpreted to allow an aggrieved party to hold a person individually liable if she had (1) the right and ability to supervise the unauthorized activities of the establishment in those activities and (2) a direct financial interest in those activities. *Little Napoli, Inc.*, 2014 WL 3667903, at *2. Here, McLaughlin has admitted that she had a right and the ability to supervise the exhibition of the Event at VIP Sports Bar & Lounge. Dkt. 11-1, Ex. C at Response nos. 40-41. McLaughlin also admitted to having a financial interest in the exhibition. *Id.* at

4

Response no. 42. Therefore, because McLaughlin supervised the exhibition of the Event and had a direct financial interest in its showing, McLaughlin is individually liable under § 605.

In short, because McLaughlin, failed to respond to J&J's motion and has presented no genuine issue of material fact otherwise, J&J's motion for summary judgment as to its claims under § 605 is **GRANTED**.

### B. Liability Under § 553

J&J also seeks relief under § 553. However, the court does not need to determine whether § 553 applies here because J&J cannot recover under both statutes. *Little Napoli, Inc.*, 2014 WL 3667903, at *3; *see Entm't by J & J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002) ("Recovery generally is not available under both provisions."). Because J&J prevailed on its § 605 claims, its motion for summary judgment as to its claims under § 553 is **DENIED AS MOOT**.

### C. Damages

In J&J's motion for summary judgment, it asks the court to award statutory damages of $10,000; additional damages of $50,000; attorneys' fees of either one-third of recovery or $2,000; and post-judgment interest.

Section 605(e)(3)(c)(i)(II) provides a minimum award of $1,000 and a maximum award of $10,000 for statutory damages. Additionally, if the court finds that the defendant acted willfully and for the purpose of private financial gain, the court may increase the damages by no more than $100,000. § 605(e)(3)(c)(ii).

To compensate J&J for the violation of § 605, the court finds that a statutory award of $8,000 is appropriate. J&J has produced evidence that it would have charged an establishment the size of VIP Sports Bar & Lounge $4,200 to exhibit the Event. *See* Dkt. 11-1, Ex. A-2 (the capacity

of the establishment is approximately 105 people); *id.*, Ex. A-3 (advertising a charge of $4,200 for a venue seating 100-200 people). An additional $3,800 is reasonable for statutory damages to deter future violations. *See Little Napoli, Inc.*, 2014 WL 3667903, at *3 (awarding $3,800 to deter future violations of § 605).

An award of additional damages is warranted here because McLaughlin acted willfully and for the purposes of private financial gain in receiving the unauthorized satellite signal and displaying the Event to her customers. Dkt. 11-1, Ex. C at Response no. 55 (McLaughlin admitted to acting willfully for the purposes of private financial gain). The court finds that an award of additional damages equivalent to double statutory damages is appropriate. *See Joe Hand Promotions, Inc. v. Chios, Inc.*, No. 4:11-CV-2411, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize defendants for willful acts."), *aff'd*, 544 F. App'x 444 (5th Cir. 2013) (per curiam). Therefore, the court **AWARDS** $16,000 in additional damages.

The affidavit of Thomas P. Riley effectively explained the impact that illegal exhibitions have on J&J's business. Dkt. 11-1, Ex. A ¶¶ 11-15. Therefore, as to the McLaughlin's § 605 violations, the court **AWARDS** $24,000 in total damages, jointly and severally against McLaughlin.

Because the court finds McLaughlin liable under § 605, the statute further requires her to compensate J&J for its reasonable attorneys' fees. 47 U.S.C. § 605(e)(3)(B)(iii). J&J argues that an award of attorneys' fees in the amount of one-third of recovery ($19,333) would be reasonable, or in the alternative, J&J seeks $2,000 for eight hours of work at $250 per hour. Dkt. 11-1, Ex. B ¶ 9. Based on the affidavit of David M. Diaz, an hourly rate of $250 is reasonable in this case. *Id.* Therefore, the court awards $2,000 in attorneys' fees and full costs under § 605(e)(3)(B)(iii).

6

J&J is entitled to recover damages against McLaughlin as detailed above, plus post-judgment interest at a rate of 1.22% per annum. 28 U.S.C.A. § 1961. There shall be no award of pre-judgment interest. Furthermore, J&J asks this court to award conditional attorneys' fees for the occurrence of specific events.[3] Dkt. 11-1, Ex. B ¶ 11. The court agrees with J&J that it should receive conditional attorneys' fees.

### III. CONCLUSION

The court finds that J&J has provided sufficient summary judgment evidence to conclusively prove McLaughlin's liability under § 605 of the FCA and that McLaughlin failed to demonatrate an issue of material fact to preclude summary judgment. Further, because the court finds liability under § 605, J&J cannot recover under § 553. Accordingly, J&J's motion for summary judgment is **GRANTED IN PART & DENIED AS MOOT IN PART**. Dkt. 11. The court will issue a separate final judgment consistent with this order.

Signed at Houston, Texas on July 31, 2017.

_____
Gray H. Miller
United States District Judge

---

[3] J&J moves for an award of $10,000 in the event of the filing of a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in the action; $25,000 in the event that a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action; $5,000 in the event a motion for rehearing or reconsideration is filed in the Court of Appeals that does not result in a reversal of the Judgment obtained in this action; $25,000 for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action; $75,000 for an appeal to the U.S. Supreme Court in the event a petition for certiorari is granted and does not result in a reversal of the judgment obtained in this action; and $2,500 for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment, or other post-judgment writ.